UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CV-263-KSF

MISTY LYNN WESLEY                                                                          PLAINTIFF

vs.                                         **OPINION AND ORDER**

UK FEDERAL CREDIT UNION                                                          DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court for initial screening pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) and *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Generally, a district court may not dismiss a complaint *sua sponte* where the filing fee has been paid unless the plaintiff is given an opportunity to amend the complaint; however, there is an important exception to this general rule. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Wagenknecht*, 533 F.3d at 417 (quoting *Apple*, 183 F.3d at 479).

Plaintiff Misty Lynn Wesley has a documented history of filing abusive litigation in this Court. Following the filing of seven frivolous lawsuits,[1] Misty Wesley was permanently enjoined from "(a) filing any new civil action and (b) filing any additional pleadings in any of the seven cases which she has already filed in this Court, unless she first obtains a certification from a United States Magistrate Judge of the Eastern District of Kentucky that the claims asserted therein are not

---

[1] The seven cases were: *Wesley v. Harrison Memorial Hospital, et al.*, 03-cv-499-KSF; *Wesley v. Ephriam McDowell Regional Medical Center, et al.*, 03-cv-500-JMH; *Wesley v. Medical Staffing Network, et al.*, No. 04 -cv-52; *Wesley v. Columbia Hospital Georgetown, et al.*, 04-cv-70-JBC; *Wesley v. St Luke West*, 04-cv-123-WOB; and *Wesley v. Good Samaritan Hospital*, 04-cv-263-JMH; *Wesley v. McClanahan*, 04-cv-535-KSF.


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CV-263-KSF

MISTY LYNN WESLEY                                                                          PLAINTIFF

vs.                                         **OPINION AND ORDER**

UK FEDERAL CREDIT UNION                                                          DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court for initial screening pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) and *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Generally, a district court may not dismiss a complaint *sua sponte* where the filing fee has been paid unless the plaintiff is given an opportunity to amend the complaint; however, there is an important exception to this general rule. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Wagenknecht*, 533 F.3d at 417 (quoting *Apple*, 183 F.3d at 479).

Plaintiff Misty Lynn Wesley has a documented history of filing abusive litigation in this Court. Following the filing of seven frivolous lawsuits,[1] Misty Wesley was permanently enjoined from "(a) filing any new civil action and (b) filing any additional pleadings in any of the seven cases which she has already filed in this Court, unless she first obtains a certification from a United States Magistrate Judge of the Eastern District of Kentucky that the claims asserted therein are not

---

[1] The seven cases were: *Wesley v. Harrison Memorial Hospital, et al.*, 03-cv-499-KSF; *Wesley v. Ephriam McDowell Regional Medical Center, et al.*, 03-cv-500-JMH; *Wesley v. Medical Staffing Network, et al.*, No. 04 -cv-52; *Wesley v. Columbia Hospital Georgetown, et al.*, 04-cv-70-JBC; *Wesley v. St Luke West*, 04-cv-123-WOB; and *Wesley v. Good Samaritan Hospital*, 04-cv-263-JMH; *Wesley v. McClanahan*, 04-cv-535-KSF.

frivolous and that the filing(s) are not being submitted for any improper purposes." General Order 07-6, United States District Court, Eastern District of Kentucky.

Plaintiff did not violate the injunction in the present case, as she filed her action in state court. She craftily included claims based on federal law, however, so the Defendant promptly removed the case to this Court. Accordingly, the Court is faced again with frivolous claims by Misty Lynn Wesley. This Court is not required to waste its scarce resources on frivolous claims, however, particularly when the Plaintiff has a history of abusing the litigation process. Under the Federal Rules of Civil Procedure, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The dismissal should issue the moment the Court determines that subject-matter jurisdiction is lacking.

Plaintiff's complaint against the University of Kentucky ("UK") Federal Credit Union alleges that when she was wrongfully discharged from the UK Medical Center in February 2003, her checking account with the Credit Union had a negative balance. Complaint ¶ 3. She claims she went to an ATM machine and attempted to deposit cash in excess of $700 in an envelope. She alleges the ATM machine took her bank card and kept the envelope full of cash. *Id.* at ¶ 4. There are allegations that make little sense about a female employee of an unnamed employer lying to Plaintiff to cause her to lose an action filed in state district court, but she won anyway. *Id.* at ¶¶ 6-7. Then she alleges the Credit Union hired a law firm that apparently pursued the funds owing as a result of the negative balance, and the Credit Union refuses to take the negative balance off of her credit reports. *Id.* at ¶ 8. She claims the Credit Union committed wire fraud by taking money from her savings account to cover the negative balance. *Id.* Finally, she alleges that the monthly billing from the Credit Union provides proof of "Defamation, Slander and Libel acts as well as a RICO statute for conspiracy, mail and wire fraud for the Federal Court." *Id.* at ¶ 9. Plaintiff demands $500 million "for the Tort Claim" and permanent injunctive relief to seal her credit reports and to bar the Credit Union from mailing any more bills to her.

The Credit Union answered and counterclaimed demanding payment for the principal sum of $499.77 resulting from her deficiency balance. [DE 3]. The Credit Union noted that Plaintiff had a history of overdrafts and attached account statements reflecting those overdrafts. *Id.* Wesley answered as follows:[2]

    A.    The complaint fails to state a counterclaim upon which relief can be granted based upon the fact the legal discovery has to be issued regarding how to catch the Defendant related to Computer forensics and with the first letter issued by Gess, Mattingly & Atchison to the Plaintiff, the Defendant should have sued in the Federal Court then, and this was in the year of 2008.

    B.    UK Federal Credit Union claims against the Plaintiff are barred in whole or in part by the Breach of Contract that the Credit Union has been paid already when the bank took the Plaintiff's debit card and her deposit stating that the account was frozen and to call the bank regarding the matter. The deposit covered the balance and the negative overdraft was covered and the account would have had a positive balance and based upon the Conspiracy Against Rights under 1985(3) and Same; Action to neglect to prevent under 1986(6) based upon their employees not correcting the overdraft and conspiring with UK Medical Center assigned to Judge Jennifer Coffman based upon UK calling the credit union and inquiring about the Plaintiff's balance and requesting that it not be corrected at this particular stage with case files against them pending with the Federal and Circuit Courts.

    C.    The Plaintiff, Misty Lynn Wesley, openly states that with J. B. Haggin Memorial calling the UK Federal Credit Union and asking why her deposit for payroll could not go through and their reply was that the account was frozen, after the deposit at the ATM machine, flagged the Plaintiff even further. After hiring F & B Legal out of Florida to clean up the Plaintiff's credit file and the attorney telling the Plaintiff that there were several things on the Plaintiff's credit file that should not even be on there and with the Defendant fighting tooth and nail about this credit issue, the flags the Plaintiff even further.

    D.    The Plaintiff will attempt to amend her complaint for additional claims and remedies under the Conspiracy Against Rights, Equal Rights under the Law, The Federal Tort Claims Act and Same; Action to Neglect to Prevent, The Fair Credit Billing Act, The Fair Debt and Collection Act and the RICO statute described for mail and wire fraud and conspiracy, as well as The Fair Credit Reporting Act violations pleadings will be requested after the rulings of the Federal Judge assigned to the case filed. This is so not to agitate the

---

[2] The text, capitalization and grammatical errors are quoted as written.

          Federal Judge assigned until after the initial ruling so that proper permission can be granted.

    E.    The Plaintiff is respectfully requesting that the Federal Judge allow both Federal and Circuit Court the jurisdiction over this case with the Plaintiff showing a proof structure of both Federal and State Tort Claims for her injury with the credit file that can be subpoenaed for their reviews.

[DE 6]. In her prayer for relief, Plaintiff states: "That she recover judgment against the Plaintiff, Misty Lynn Wesley, in the sum of 500 million plus all additional claims and remedies amended in her complaint with this Federal Court after a jury trial." *Id.* at 4.

A *pro se* complaint is held to a less stringent standard than a formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). Nonetheless, it is evident that Wesley is making claims or arguments relating to her prior lawsuits in this Court ("UK Medical Center," "Judge Jennifer Coffman"), despite being permanently enjoined from any further filings in those actions. It is also evident that most of Ms. Wesley's demands or claims make no sense, such as the prayer that she recover $500 million from herself. It is the opinion of this Court that the allegations of the complaint are totally implausible and frivolous. Her history of filing lawsuits in bad faith supports this conclusion.

In addition to the claims being implausible and frivolous, they also are no longer open to discussion. Plaintiff alleges the events in question occurred in February 2003 or soon thereafter. [DE 1-1, ¶¶ 3-4]. Her bank records show the last transaction was July 14, 2004. Even giving her the benefit of the latter date, her claims under the Fair Credit Reporting Act and RICO would be barred by the applicable statutes of limitations.

The limitations period for a claim under the Fair Credit Reporting Act is the *earlier* of two years after the discovery of the violation or five years after the date of the violation. 15 U.S.C. § 1681p. Using 2004 as the date of the violation, the limitations period would have run in 2009. Plaintiff's complaint was not filed until 2011.

The RICO statute does not contain a statute of limitations provision, but the Supreme Court has held that civil RICO actions are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). With respect to accrual, the Supreme Court rejected both the "last predicate act" accrual rule and the "injury and pattern discovery" accrual rule used by the Sixth Circuit and other circuit courts. *Klehr v. A. O. Smith Corp*. 521 U.S. 179 (1997), and *Rotella v. Wood*, 528 U.S. 549 (2000). The Sixth Circuit has used the injury discovery rule, "when a plaintiff knew or should have known of his injury," in more recent cases. *See Taylor Group v. ANR Storage Co.*, 24 F. App'x 319, 325 (6th Cir. 2001) (unpublished); *Sims v. Ohio Cas. Ins. Co.*, 151 F. App'x 433, 435 (6th Cir. 2005) (unpublished).

Plaintiff alleges the Credit Union committed "wire fraud" when "they took monies out of the savings to try and cover the negative balance." [DE 1-1, ¶ 8]. She further alleges that the monthly billing by the Credit Union is "mail and wire fraud." The first of these events would have occurred before the account was closed in 2004. The second would have begun shortly after the account was closed. The statute of limitations would have run on both of these in 2008. Thus, the present action is outside the four-year statute of limitations for a civil RICO claim.

Because Plaintiff's claims are totally implausible, frivolous and no longer open to discussion, they will be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In light of Plaintiff's history of abuse of the judicial process, this Court places Misty Lynn Wesley on notice that any future filing in state court of a claim alleging violations under federal law will result in sanctions.

**IT IS ORDERED**:

1. This action is **DISMISSED**, *sua sponte* and this matter is **STRICKEN** from the active docket.

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

This September 6, 2011.



Signed By:

*Karl S. Forester* $KSF$

United States Senior Judge